CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
November 18, 2024
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 7:19-cr-00038 |
| v. ) | |
| ) | By: Michael F. Urbanski |
| ISAIAH VONTE HAIRSTON, ) | Senior United States District Judge |
| Defendant ) | |

## MEMORANDUM OPINION

Pending before the court is defendant Isaiah Vonte Hairston's ("Hairston") motion for a sentence reduction filed pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 110. The Federal Public Defender was given an opportunity to file a supplemental motion on Hairston's behalf but declined to do so. ECF Nos. 112, 116. On April 11, 2024, the Government filed a response in opposition to Hairston's motion. ECF No. 118. For the reasons set forth below, the court will **DENY** Hairston's motion.

### I. Background

On March 21, 2019, Hairston was charged via indictment with one count of knowingly and intentionally possessing with the intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Indictment, ECF No. 3. A superseding indictment, filed on October 10, 2019, charged Hairston, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), with knowingly and intentionally possessing with the intent to distribute (1) 5 grams or more of methamphetamine, its salts, isomers, or salts of its isomers; and (2) 50 grams or more of a mixture and substance containing a detectable amount of

methamphetamine, its salts, isomers, or salts of its isomers. Superseding Indictment, ECF No. 28. The Government filed an information on January 21, 2021, ECF No. 55, and an amended information on April 8, 2021, notifying Hairston that he would be subject to enhanced sentencing, pursuant to 21 U.S.C. § 851, due to his prior convictions. Am. Information, ECF No. 71.

On August 24, 2021, Hairston pled guilty, pursuant to a plea agreement, to Count I of the superseding indictment, with the Government agreeing to withdraw its § 851 sentencing enhancement. Plea Agreement, ECF No. 85, at 1–2. On March 31, 2022, the court sentenced Hairston to a term of 108 months, to be followed by a 4-year term of supervised release. J., ECF No. 105. Hairston currently is housed at Federal Correctional Institution ("FCI") Cumberland and has a projected release date of March 27, 2026.[1]

Hairston seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that the following condition presents an extraordinary and compelling reason for compassionate release: he has a particularized susceptibility to COVID-19—specifically, he has contracted the illness twice, in both instances almost leading to death, and the illness is present at FCI Cumberland. ECF No. 110, at 2. Hairston further argues that he is seeking to correct errors "made in his case." Id.

## II. Compassionate Release

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, authorizes courts to modify terms of imprisonment as follows:

---

[1] https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (search "Isaiah Vonte Hairston") (last viewed November 8, 2024).

2

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Hairston's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

The court begins by considering the threshold requirement for obtaining relief under 18 U.S.C. § 3582(c)(1)(A). United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021). This requirement, which is non-jurisdictional, is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on their behalf and either fully exhausts all administrative rights to appeal the Bureau's decision or waits 30 days from the date of their initial request to file a motion in the district court." Id. at 131 (emphasis in original). In his motion for a sentence reduction, Hairston does not state whether he has submitted his request for compassionate release to the warden of his facility. Moreover, the Government contests that Hairston has exhausted his administrative remedies as required

3

under 18 U.S.C. § 3582(c)(1)(A). See Resp. Def.'s Mot. Compassionate Release, ECF No. 118, at 4 ("[T]he Bureau of Prisons (BOP) has no record of Hairston making any sort of request related to his current motion for release."). However, since Hairston has not demonstrated an extraordinary and compelling reason for a sentence reduction, the court need not reach a conclusion on the question of exhaustion of administrative remedies.

The court next must consider whether it should reduce the term of imprisonment. Effective November 1, 2023, the United States Sentencing Commission amended the policy statement that addresses motions for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) when a defendant alleges that extraordinary and compelling reasons warrant a reduction. See U.S. SENT'G COMM'N, GUIDELINES MANUAL § 1B1.13 (Nov. 2023) ("USSG"). The revised policy statement will be applied to Hairston's motion.

### A. COVID-19

Hairston argues that he is entitled to a sentence reduction because of the COVID-19 pandemic. He asserts that he twice has been diagnosed with COVID-19 and came close to death. He further asserts that COVID-19 is still claiming lives and is "running through" the Bureau of Prisons and the unit where he is housed. Mot., ECF No. 110 at 2.

Under the revised policy statement, to demonstrate an extraordinary and compelling reason for a sentence reduction based on an outbreak of an infectious disease a defendant must show the following:

> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

4

> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>
> (iii) such risk cannot be adequately mitigated in a timely manner.

USSG § 1B1.13(b)(1)(D).

Hairston cannot make this showing because he cannot show either that FCI Cumberland is affected by an outbreak of an infectious disease, or that an ongoing public health emergency is currently in effect as declared by a federal, state, or local authority. At this time, FCI Cumberland has zero open cases of COVID-19 out of 902 inmates.[2] In addition, on May 11, 2023, the United States Department of Health and Human Services announced the end of the public health emergency caused by the COVID-19 pandemic.[3]

In addition, even if Hairston could show the existence of the first two conditions, he cannot show that he is at increased risk of suffering severe medical complications or death that cannot be adequately mitigated in a timely manner. Hairston has not alleged that he suffers from any medical condition placing him at a high risk of an adverse reaction to COVID-19. Hairston's presentence report notes that he "described his overall physical health []as 'good.'" ECF No. 95, ¶ 78. Moreover, despite Hairston's assertion of his near-death experiences with contracting COVID-19, he has refused the COVID-19 vaccine, Med. Rs., ECF No. 118-3, despite the fact that people who are up to date with COVID-19 vaccines "have a lower risk of severe illness, hospitalization, and death from COVID-19 than people who are not up to

---

[2] https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last viewed November 8, 2024).
[3] https://www.hhs.gov/about/news/2023/05/11/hhs-secretary-xavier-becerra-statement-on-end-of-the-covid-19-public-health-emergency.html

date."[4] His refusal to be vaccinated undermines his argument that COVID-19 presents a grave danger to him because of his previous severe bouts with the disease.

To be sure, a court cannot rely exclusively on vaccination status to determine that the defendant has failed to demonstrate an extraordinary and compelling reason for a sentence reduction. United States v. Fox, No. 22-6781, 2024 WL 1736708 (4th Cir. Apr. 23, 2024) (per curiam). But Hairston's decision to forego vaccination against COVID-19, along with the fact that there are no active COVID-19 cases at his facility and that no ongoing public health emergency has been declared by any governmental authority, leads the court to conclude that Hairston has not shown an extraordinary and compelling reason for a sentence reduction. Accordingly, his motion for a sentence reduction based on the COVID-19 pandemic is **DENIED.**

### B. Underlying Conviction

Hairston also asserts that he is seeking to "correct []error[]s made in his case." Mot., ECF No. 110 at 2. However, a defendant cannot challenge the validity of his conviction or sentence through a compassionate release motion. United States v. Ferguson, 55 F.4th 262, 270 (4th Cir. 2022). Rather, "28 U.S.C. § 2255 is '[t]he exclusive remedy' for challenging a federal conviction or sentence after the conclusion of the period for direct appeal, 'unless [§ 2255] is inadequate or ineffective,' in which case the defendant may file a 28 U.S.C. § 2241 petition for habeas corpus pursuant to the savings clause at § 2255(e).'" Id. (quoting United States v. Simpson, 27 F. App'x 221, 224 (4th Cir. 2001) (Traxler, J., concurring)). Accordingly,

---

[4] https://www.cdc.gov/vaccines/hcp/vis/vis-statements/covid-19.html (last updated, Oct. 17, 2024) (last viewed Nov. 8, 2024).

any challenge Hairston seeks to make to his underlying conviction via this motion for a § 3582 sentence reduction is **DENIED**.

### C. 18 U.S.C. § 3553(a) Factors

As Hairston has not shown an extraordinary and compelling reason for compassionate release, the court will not address the § 3553(a) factors. See United States v. Bethea, 54 F.4th 826, 833 (4th Cir. 2022) (describing the "extraordinary and compelling" reasons for relief as a threshold for eligibility); United States v. Elias, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.").

### III. Conclusion

For the reasons stated herein, the court **DENIES** Hairston's motion for compassionate release, ECF No. 110.

An appropriate order will be issued.

It is so **ORDERED**.

Entered: November 18, 2024

*/s/ Michael F. Urbanski/*

Michael F. Urbanski
Senior United States District Judge